■ Ho Jo CONTRACTING COMPANY, INC., et al., Appellants, v SCHULTZ FORD, INC., Respondent.—In an action to recover damages for breach of contract, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated November 17, 1987, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs and disbursements.

The plaintiffs, Ho Jo Contracting Company, Inc. (hereinafter Ho Jo), and Howard Hoehmann, purchased a new Ford dumptruck from the defendant, Schultz Ford, Inc., on October 2, 1985. The plaintiffs allege that in the 4½ months following the purchase and delivery, the truck broke down several times and was off the road in excess of 40 days for repairs. On six separate occasions the truck had to be towed to the defendant's place of business for repair of the same general conditions and defects, all without success. The plaintiffs then commenced this action, alleging that the defendant had refused to refund the purchase price or replace the truck with a comparable one. They allege breach of contract, breach of warranties, violation of Uniform Commercial Code article 2, the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (15 USC §§ 2301-2312), and General Business Law §§ 198-a and 349 (h). The defendant subsequently moved for an order dismissing the complaint pursuant to CPLR 3211 (a) (7), or in the alternative, for summary judgment. The court granted the motion for summary judgment concluding, *inter alia,* that the plaintiffs had failed to discharge their burden of coming "forward with some admissible proof" requiring a trial. On appeal the plaintiffs contend that summary judgment was improper inasmuch as the motion was supported only by an affirmation of the defendant's counsel, and did not contain any factual recitations.

Although the court erred in granting that branch of the defendant's motion which sought summary judgment, since it was supported only by the affirmation of an attorney without personal knowledge of the facts involved *(see, Roche v Hearst Corp.,* 53 NY2d 767; *Grieshaber v City of New Rochelle,* 113 AD2d 821; *see also, Winegrad v New York Univ. Med. Center,* 64 NY2d 851), we nevertheless conclude that the defendant is entitled to the alternative relief sought—dismissal of the complaint pursuant to CPLR 3211 (a) (7), and therefore, we affirm.

In its application, the defendant alleged that the plaintiffs' complaint was defective, inasmuch as it: (1) failed to allege prior resort to the automobile manufacturer's dispute settlement mechanism, a prerequisite to suit under the so-called "Lemon Law" (General Business Law § 198-a), (2) failed to allege that the plaintiffs were "consumers" within the intendment of General Business Law § 198-a (a) (1) and the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (15 USC §§ 2301-2312), and (3) contained conclusory and inadequate allegations with regard to the purported claims

under the Uniform Commercial Code and General Business Law § 349. While the affirmation in opposition filed by the plaintiffs' attorney argues in some detail that summary judgment may not be granted where the motion is supported by an attorney's affirmation, his affirmation fails to respond—other than through conclusory assertions—to the defendant's contention that the aforementioned key allegations have been omitted from the complaint.

Finally, we agree with the defendant that the vague allegations in the complaint with regard to Uniform Commercial Code article 2 and General Business Law § 349 fail to state a claim upon which relief can be granted. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.